UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

STEVEN J. SCHAAR,

Plaintiff,

v.

Case No. 18-
Hon.

UNITED STATES STEEL CORPORATION,

Defendant.
_______________________________________/

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
29829 Greenfield Rd., Suite 102
Southfield, MI 48076
(248)569-9270
eric@stempien.com
Assistant: shawn@stempien.com
_______________________________________/

**COMPLAINT AND JURY DEMAND**

Plaintiff, Steven J. Schaar, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant United States Steel Corporation, and in support thereof states:

1. Plaintiff Steven J. Schaar ("Schaar" or "Plaintiff") is a resident of the City of Birch Run, Saginaw County, Michigan.

2. Defendant United States Steel Corporation ("US Steel") is a foreign corporation that conducts systematic and continuous business in the State of Michigan.

3. This Court has jurisdiction in this matter pursuant to 29 USC §2601, et. seq. and 28 USC §1331.

4. Schaar was employed at US Steel as a Technical Industry Manager until March 2018 when he was discharged from his employment by US Steel.

5. Schaar was an eligible employee as defined by the Family Medical Leave Act ("FMLA").
6. US Steel is a qualified employer as defined by the FMLA.
7. The events giving rise to this Complaint occurred in the City of Troy, Oakland County Michigan.

**COMMON ALLEGATIONS**

8. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.
9. Schaar's wife has a serious health condition that requires Plaintiff to provide care for her.
10. Schaar notified US Steel that he would require time to provide care for his wife's serious health condition.
11. In February 2018, Schaar was on a business trip in Tennessee.
12. At the same time that Schaar was in Tennessee, there was a concern from one of US Steel's customers regarding steel that had been delivered to a plant in Mississippi.
13. Unfortunately, Schaar's wife had a health crisis on that day and he had to return to Michigan to provide care for his wife.
14. Schaar made every possible attempt to have another US Steel representative go to the customer's location in Mississippi to address the customer's concern.
15. Ultimately, the only person available to go to Mississippi was Schaar's manager, Tad M. Rose ("Rose").
16. Rose was unhappy that he had to go to Mississippi to address the customer's concern.
17. In March 2018, US Steel terminated Schaar's employment due to his return to Michigan to provide care for his wife's serious health condition.

**COUNT I**
**VIOLATION OF FMLA – INTERFERENCE**

18. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

19. Defendant interfered with Plaintiff's FMLA rights by failing to reinstate him in the same or equivalent position following the time he provided care for his wife's serious health condition.

20. Such interference was a violation of 29 USC §2615(a)(1).

21. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages, including, but not limited to: lost past and future wages, lost past and future employment benefits, interest, costs and attorney fees.

22. Further, because Defendant's violation of FMLA was not in good faith and Defendant did not have reasonable grounds for believing that the discharge was not a violation of FMLA, Plaintiff is entitled to an award of liquidated damages pursuant to 29 USC §2617(a)(1).

**COUNT II**
**VIOLATION OF FMLA – DISCRIMNATION OR RETALIATION**

23. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

24. In discharging Plaintiff for returning to Michigan to provide care for his wife's serious health condition, Defendant violated the FMLA by discriminating and/or retaliating against him for exercising his rights under the FMLA.

25. Defendant's discrimination and/or retaliation was a violation of 29 USC §2615(a)(2).

26. As a direct and proximate result of Defendant's violation of the FMLA by discrimination and/or retaliation, Plaintiff has suffered damages as fully set forth in paragraphs 21 and 22 of this Complaint.

WHEREFORE, Plaintiff Steven J. Schaar prays that this Honorable Court enter a judgment in his favor against Defendant United States Steel Corporation in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

**JURY DEMAND**

Plaintiff Steven J. Schaar hereby demands a trial by jury in this matter.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: October 9, 2018